# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:04CV582-C

| | |
|---|---|
| ANIMAW T. AZAGIE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) **MEMORANDUM AND RECOMMENDATION** |
| | ) **AND ORDER** |
| MS. MCCOY (SUPERVISOR), | ) |
| SOCIAL SECURITY | ) |
| DEPARTMENT 5800 | ) |
| EXECUTIVE CENTER DRIVE | ) |
| 3rd FLOOR, CHARLOTTE, NC | ) |
| 28212 | ) |
|     Defendant. | ) |
| | ) |
| | ) |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss ..." (document #7) and "Memorandum ... in Support ..." (document #8), both filed January 24, 2005. The pro se Plaintiff has not filed a Response and the time for filing a responsive brief has long expired.

On June 20, 2005, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendant's "Motion to Dismiss" be granted, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On October 22, 2004, the pro se Plaintiff, Animaw T. Azage, filed his one-page, handwritten Complaint in the Superior Court of Mecklenburg County, North Carolina, seeking an order compelling the Social Security Administration ("SSA") to change the order in which his first, middle

and last names appear on his Social Security card, that is, Mr. Azage wishes his Social Security card to state "Azage, Animaw Tenager." rather than "Animaw Tenager Azage." Mr. Azage alleges that sometime prior to filing this lawsuit, he went to the SSA office in Charlotte, North Carolina, and relayed his request to a "Ms. McCoy," who informed him that SSA regulations require Social Security cards to list "first name first and last name last."

On November 24, 2004, the SSA removed the state court action to federal court, contending correctly that federal subject matter jurisdiction exists whenever the United States, or one of its agencies, is a defendant in a civil action. See 28 U.S.C. § 1442.

On January 24, 2005, the SSA filed the subject Motion to Dismiss, to which the Plaintiff has filed no response and which is ripe for disposition.

## II. DISCUSSION OF CLAIMS

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears

2

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")(internal citation omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). This is particularly true of a motion to dismiss a complaint filed by a pro se plaintiff. Accord Haines v. Kerner, 404 U.S. 519, 520 (1972) (instructing court to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

In this case, even taking the limited allegations of the pro se Complaint as entirely true, and construing every possible inference therefrom in the Plaintiff's favor, his purported claim for equitable relief must be dismissed. Indeed, the Plaintiff has provided no statutory or other basis for the relief he seeks, and the undersigned is aware of none. Accordingly, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss be granted.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant's "Motion to Dismiss" (document #7) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

## IV. ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>United States v. Rice</u>, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to <u>de novo</u> review by the district court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder</u>, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Wells</u>, 109 F.3d at 201; <u>Page</u>, 337 F.3d at 416 n.3; <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the <u>pro se</u> Plaintiff; to counsel for the Defendant; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED AND ORDERED.**

Signed: May 24, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge